IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COOK COUNTY STATE'S ATTORNEY )
ex rel., RICHARD A. DEVINE, )
)
        Plaintiff, )
)
vs. )   No. 07 C 1393
)
APRIL TYLER, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

April Tyler, a defendant in a state court contempt proceeding, seeks to remove that case to this court, invoking 28 U.S.C. § 1331, and files a petition to proceed *in forma pauperis* and to have counsel appointed for her. Her petition is denied because we find that we have no subject matter jurisdiction over this case.

Pursuant to 28 U.S.C. 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if he/she demonstrates an inability to pay the required costs and fees. In her financial affidavit, defendant denies that she has any income whatsoever. It is unclear how she survives with no income whatsoever. However, upon a search of the district court filing system, we find that defendant has a case pending in another court, where she also petitioned to proceed *in forma pauperis*. (Tyler v. Maywood Police Department, Case No. 06 C 4241 (N.D. Ill.)). The court there was similarly concerned about how she survives and noted that she did not report the $600 per month that her daughter receives in disability assistance (*id.* dkt. entry 8). She answered that she did not report that assistance because her daughter does not live with her, and that she herself survives on friends, family and God. That court found Tyler exhibited

sufficient financial need, and we agree.

This does not end our analysis, however. Generally, in reviewing a petition to proceed *in forma pauperis*, we analyze the claims and dismiss the complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C.1915(e)(2)(B)(i)-(iii); Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). Here, however, Tyler is the defendant to an action, not the plaintiff, and so we must determine if this case is one that is removable to this court, and if so, if it has been properly removed.

The action defendant seeks to remove is a criminal contempt proceeding that was filed against her in state court, arising from an alleged incident of fraudulently altering a court order.[1] 28 U.S.C. § 1446 governs the procedure for removal of criminal cases, and states that such cases must be removed within 30 days of the date of arraignment, or any time before trial, whichever is earlier, except that the district court may enter an order granting the defendant leave to file the notice at a later time, "for good cause." This contempt proceeding was initiated in chancery court and an order for adjudication of direct criminal contempt was served on defendant on August 6, 2006. Defendant filed a notice of removal with this court on March 12, 2007. This is far beyond the 30-day window envisioned by the statute, and because defendant has failed to state any reason for her delay in filing, we may deny her petition on this basis alone.

In addition to not complying with the time limits for removing the case, we find we have

---

[1] We find this to be a criminal contempt proceeding because it has been brought by the State of Illinois, is pending in criminal court, the Cook County Public Defender has been appointed to represent defendant, and the principle objective is the preservation of the power and the vindication of the dignity of the court. *See* People v. Warren, 173 Ill. 2d 348, 368 (Ill. 1996)("criminal contempt consists of doing that which has been prohibited").

no jurisdiction over this matter. Federal courts are courts of limited jurisdiction, and only certain cases may be removed from the state courts to the federal courts. Criminal cases can only be removed to federal court if they comply with the requirements of 28 U.S.C. §1443(1). Tyler has not premised her removal under this statute, but instead claims that this case is removable under section 1331 because, she alleges, "plaintiffs base their claim for relief for [sic] against the defendant by virtue of and under Federal statutes and acts of Congress" (def. notice of removal, at 2). Defendant misunderstands section 1331. Nowhere in the order for criminal contempt does the State of Illinois invoke any federal statute. Furthermore, state criminal contempt proceedings, while not specifically governed by specific state statutes, still arise under state law and the authority of the state's judicial system. Juidice v. Vail, 430 U.S. 327, 335 (U.S. 1977)("The contempt power lies at the core of the administration of a State's judicial system."). The "laws" envisioned by section 1331 removal are federal laws that are not implicated by this case.

Even under section 1443(1), defendant has failed to allege a sufficient basis for removal. The Supreme Court has made clear that to remove a criminal case under section 1443(1), the petitioner must show she has been deprived of a right secured by a federal law that specifically deals with racial equality. Johnson v. Mississippi, 421 U.S. 213, 219 (1975). While we glean from defendant's petition that she is asserting the violation of her right to a fair trial, nowhere has she asserted that this violation is based on her race. Furthermore, the general denial of the right to a fair trial simply because the state judges are biased against her is not an appropriate basis for removal to federal court. People v. Chapman, 1995 WL 755304, *2 (N.D. Ill. Dec. 15, 1995)(quoting Johnson, 421 U.S. at 219-20)("removal is allowed only where a formal expression of state law or an equivalent basis clearly predicts that the federal rights will

not be vindicated in the state court").

## CONCLUSION

For the foregoing reasons, defendant's petition to proceed *in forma pauperis* is denied, and this case is remanded back to state court for lack of subject matter jurisdiction.

                                                  JAMES B. MORAN
                                      Senior Judge, U. S. District Court

April 24, 2007.