IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COOK COUNTY STATE'S ATTORNEY )
ex rel. RICHARD A. DEVINE, )
)
       Plaintiff, )
)
vs. ) No. 07 C 1393
)
APRIL TYLER, )
)
       Defendant. )

## MEMORANDUM OPINION AND ORDER

Defendant April Tyler seeks reconsideration of this court's April 24, 2007, opinion and order denying her petition for removal of a state criminal contempt proceeding. *See* Cook County State's Atty. v. Tyler, No. 07 C 1393, 2007 WL 1232082, 2007 U.S. Dist. LEXIS 30760 (N.D. Ill. Apr. 24, 2007). For the following reasons we deny her motion.

Contempt charges were brought by the State of Illinois against defendant, arising from allegations that she altered a state court order before it was submitted to the clerk for docketing. The record attached to defendant's original petition shows that she was served with notice of the charges on August 2, 2006.[1] On March 12, 2007, defendant, acting *pro se*, filed a notice of removal to this court, along with a petition to proceed *in forma pauperis,* and a motion for appointment of counsel. We denied all three, holding that while defendant would qualify financially for *in forma pauperis* filing, we did not possess subject matter jurisdiction over the matter, both because defendant filed her notice later than 30 days after service and because she failed to sufficiently allege that removal was proper under 29 U.S.C.§ 1446(1).

---

[1] In our earlier opinion we mistakenly stated that the date of service was August 6, 2006. Further, defendant now alleges that this service was not proper as the service took place inside courtroom 2005 of the Daley Center, not outside, as the process server's affidavit states.

Defendant moved for reconsideration and in the interim obtained counsel. Defendant argues that the 30-day time limit for the filing of a removal petition should not be strictly construed against her, as she was a *pro se* litigant and the nature of the proceedings against her were altered several times, leading to confusion as to when the 30-day period began. She further argues that removal is proper under § 1443. She has added facts to her petition alleging that she is being falsely prosecuted for contempt based on her race, and that all the judges in the courthouse where her case is pending are biased against her such that she will not receive a fair trial regardless of what state court she is in.

## ANALYSIS

We have jurisdiction to reconsider an order of remand not, as defendant claims, pursuant to Fed. R. Civ. Pro. 59(e), but pursuant to 28 U.S.C. § 1447(d), which permits the review "by appeal or otherwise" of actions removed under 28 U.S.C. § 1443. Upon review of our prior opinion, coupled with defendant's allegations of race-based persecution, we continue to hold that we do not possess subject matter jurisdiction over this case.[2]

Defendant argues that she is innocent of the contempt charges brought against her, and that those charges were brought by and at the behest of a group of individuals, including several court clerks and Cook County judges. She alleges they are biased against her because of her race. She claims that they often spoke to her using racial epithets and quoted a few of these in her affidavit. She claims that the charges against her are false and are being brought merely to harass her because of her race. She claims that these expanded allegations are sufficient to remedy the deficiencies of her first petition and permit the removal of this action

---

[2]Because we hold that § 1443 does not confer subject matter jurisdiction on this court, we need not address defendant's argument that the 30-day time limit for the filing of removal petitions should not be construed strictly against her because of her *pro se* status. However, we summarily agree with plaintiff that defendant has not given this court a sufficient excuse as to the seven-month delay between being served with notice of the charges against her and filing the removal petition.

under § 1443. They are not.

Section 1443(1) states that civil actions or criminal prosecutions commenced in state court may be removed to federal court wherein they are pending "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." The Supreme Court has held that "it is not enough...to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966). Instead, defendant must rely on a statute "couched in terms of equality, such as the...equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all." Georgia v. Rachel, 384 U.S. 780, 792 (1966).

Defendant relies upon 42 U.S.C. § 1981 as the basis of her claim of a civil rights violation. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Defendant argues that § 1981 is a "law providing for the equal civil rights of citizens" and thus a basis for removal of a state criminal proceeding under § 1443, and we agree that it is. *See* Strauder v. West Virginia, 100 U.S. 303 (state statute allowing only white men to serve on jury violates petitioner's §1981 rights permitting removal of the case under § 1443).

But defendant cannot rely on the bare assertion that her rights were deprived in violation of § 1981. She must show that "the right relied upon as the basis for removal is a 'right under' a law providing for equal civil rights." Rachel, 384 U.S. at 793.

In Georgia v. Rachel, the defendants, African-Americans, were being prosecuted under a trespass statute for attempting to access a place of public accommodation, 384 U.S. 780. They were denied admission based on their race, and when they refused to leave they were arrested for violating a statute making it a misdemeanor to remain on the premises of another after being requested to leave. The Supreme Court held that removal was proper because the petition alleged that defendants would be "brought to trial solely as the result of peaceful attempts to obtain service at places of public accommodation," and that "the Civil Rights Act of 1964 endows the defendants with a right not to be prosecuted for such conduct." Rachel, 384 U.S. at 793.

By contrast, in City of Greenwood v. Peacock, the Supreme Court found that removal was not proper. 384 U.S. 808. There defendants, all African-American, were charged with obstruction of public streets, assault, and disturbing the peace, among other things. Defendants argued that the charges were brought against them solely because of their race, in violation of their rights under the Due Process Clause and § 1983, and that it would not be possible to receive a fair trial in the state. The Supreme Court held that defendants' allegations did not satisfy the requirements for removal because "no federal law confers an absolute right on private citizens...to obstruct a public street, to contribute to the delinquency of a minor, to drive an automobile without a license, or to bite a policeman," and "second, no federal law confers immunity from state prosecutions on such charges." Greenwood, 384 U.S. at 826.

Here, unlike in Rachel, and similar to Greenwood, defendant is not being prosecuted

for conduct that but for her race would be legal and permissible. The conduct in which defendant is alleged to have engaged (falsifying a court document) is not a right of any citizen of the United States, nor does any federal law confer immunity from prosecution of such conduct.[3] *Id.*; Johnson v. Mississippi, 421 U.S. 213, 222 (1975). Since she is unable to point to any "federal law conferring on [her] the right to engage in the specific conduct with which [she] is charged" (Johnson, 421 U.S. at 222), defendant's petition for removal must once again be denied.[4]

## CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 10, 2007.

---

[3] Contrary to defendant's assertion, this court did not make a "finding" of contempt, direct or otherwise, in its previous ruling. Our sole determination was that the petition against defendant, which appeared civil in nature, was in fact a charge of criminal contempt requiring us to defer, out of a concern for comity, to the jurisdiction of the state court.

[4] We note that if defendant is dissatisfied with what is occurring in the trial court she is free to appeal any conviction she may receive. Her affidavit does not raise any allegations against the appellate courts of Illinois or allege that she would be unable to secure a fair appeal.